■ In the Matter of the Claim of MIGUEL A. QUINTANA, Appellant. POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [747 NYS2d 133]

Claimant was employed as a probationary police officer for

the New York City Police Department, assigned to a training program at the police academy in Manhattan. This assignment necessitated a commute by subway from claimant's residence in the Bronx, during which he was required to wear his uniform. Claimant's identity as a police officer in training gave rise to various negative comments and gestures made by other commuters concerning the Police Department in general and claimant in particular. Claimant resigned after this situation, combined with the attempted suicide of a member of the police academy's faculty, realizing that a career as a police officer "isn't for me currently."

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding claimant disqualified from receiving unemployment insurance benefits because the reasons for his resignation were personal and noncompelling. While in some instances apprehension for one's physical safety may constitute good cause for leaving employment, the record in this matter does not justify such a conclusion (*see Matter of Kreger [Commissioner of Labor]*, 291 AD2d 772). Given the absence of any medical evidence, the record also is devoid of support for claimant's contention that job-related stress compelled him to resign (*see Matter of Carney [Sweeney]*, 236 AD2d 776, 777). Accordingly, the Board's decision ruling that claimant left his employment under disqualifying circumstances will not be disturbed.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.